IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 JAN 11 AM 10: 45
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ D1 _____
DEPUTY

| | | |
|---|---|---|
| CARLOS DAVID DOMINGUEZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | EP-17-CV-5-DB |
| | § | |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Carlos David Dominguez, a former federal prisoner, has asked the Court to vacate his conviction in cause number EP-08-CR-2397-DB-2 through a petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a).[1] Dominguez pleaded guilty, pursuant to a plea agreement, to count one of an indictment charging that he "conspired to attempt to possess ... five kilograms or more of ... cocaine," in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii).[2] He received a sentence of 110 months' imprisonment followed by ten years' supervised release.[3] Dominguez filed a motion to vacate his sentence under 28 U.S.C. § 2255 "five years after his offense,"[4] which the Court denied as time barred.[5] He has since claimed "[t]he sound reason it was filed outside the limitation period was to avoid what happened to his brother, see (EP-10-CA-0052-DB), that is to get re-indicted and retried."[6]

---

[1] Dominguez has not paid the five dollar filing fee or submitted an application to proceed *in forma pauperis*. Since the Court will *sua sponte* dismiss his petition, the Court will also waive the fee.

[2] Superseding Indictment 1, Aug. 27, 2008, ECF No. 26.

[3] J. 1, 2, Apr. 13. 2009, ECF No. 124.

[4] Pet'r's Pet. 2, Jan. 6, 2017, ECF No. 1. *See* Mot. to Vacate, Aug. 13, 2013, EP-08-CR-2397-DB-3, ECF No. 147.

[5] Mem. Op. & Order, Oct. 11, 2013, EP-08-CR-2397-DB-3, ECF No. 164.

[6] Pet'r's Pet. 2.

-1-

He further explained he "patiently waited in prison for 5 years with his fingers crossed hoping to benefit from the statute of limitations pursuant to 18 U.S.C. 3282."[7] In his instant petition, Dominguez has asserted that the "indictment's failure to charge an offense constitutes a jurisdictional defect."[8]

"The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'"[9] "[T]he authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'"[10] It provides "an 'extraordinary remedy'... to a petitioner *no longer in custody* who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"[11] "The writ will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.'"[12] A petitioner seeking *coram nobis* relief must demonstrate (1) there are circumstances compelling the granting of the writ in order to achieve justice, (2) sound reasons exist for the failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction which

---

[7] *Id.*; *see* 18 U.S.C. § 3282 (2012) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

[8] Pet'r's Pet. 1, Jan. 6, 2017, ECF No. 1.

[9] *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).

[10] *Id.* at 911 (quoting 28 U.S.C. § 1651(a)).

[11] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (emphasis added) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954) and *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

[12] *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *Morgan*, 346 U.S. at 512 (alteration in original)).

may be remedied by granting the writ.[13] "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct."[14]

In *United States v. Meacham*, the United States Court of Appeals for the Fifth Circuit held that 21 U.S.C. § 846 did "not authorize conspiracy-to-attempt prosecutions."[15] It further held "the right to be free of prosecution under an indictment that fails to charge an offense is a substantial right" which may "be noticed by the court at any time during the pendency of the proceedings."[16] It additionally held "[t]he objection that the indictment fails to charge an offense is not waived by a guilty plea."[17] Accordingly, a district court may raise the issue of whether an indictment fails to charge an offense *sua sponte*.[18]

Dominguez, however, is not entitled to relief through writ of error *coram nobis*. Although the Bureau of Prisons released Dominguez from prison on November 25, 2016, he is still serving a ten-year term of supervised release. A defendant who is subject to supervised release is still in custody.[19] Thus, Dominguez cannot satisfy the "no longer in custody" requirement for relief.[20]

---

[13] *Foont v. United States*, 93 F.3d 76, 78–79 (2nd Cir. 1996).

[14] *Dyer*, 136 F.3d at 422 (citation omitted).

[15] *United States v. Meacham*, 626 F.2d 503, 509 (5th Cir. 1980).

[16] *Id.*; see also Fed. R. Crim. P. 12(b)(3)(B) ("[A]t any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.").

[17] *Meacham*, 626 F.2d at 510.

[18] *Id.* at 509.

[19] *Jones v. Cunnigham*, 371 U.S. 236, 240–43 (1963).

[20] *United States v. Hatten*, 167 F.3d 884, 887 n. 6 (5th Cir.1999) (citing *Castro*, 26 F.3d at 559); *Dyer*, 136 F.3d at 422; *see also Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir.2000) (stating that "custody" for purposes of 28 U.S.C. §§ 2255 and 2241 encompasses supervised release).

Accordingly, the Court finds Dominguez is not entitled to the extraordinary remedy of a writ of error *coram nobis*. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that Dominguez's petition for a writ of error *coram nobis* under 28 U.S.C. § 1651(a) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 11th day of January, 2017.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE